UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN BRADLEY, #289724,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, BRIDGETTE AVOLIO,
and LISA BADALAMENTI,

    Defendants.
_____/

Civil Case No. 14-14573

HON. MARK A. GOLDSMITH

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS (Dkts. 9, 10)
AND SUMMARILY DISMISSING HIS COMPLAINT (Dkt. 1)**

**I. INTRODUCTION**

This matter is before the Court on the Court's own review of Plaintiff Shawn Bradley's pro se civil complaint, which he filed on December 3, 2014. At that time, Plaintiff was incarcerated at Pugsley Correctional Facility in Kingsley, Michigan. The Defendants are the Michigan Department of Corrections, parole agent Bridgette Avolio, and Lisa Badalamenti, who is Avolio's supervisor.

Plaintiff alleges in his complaint that Avolio falsely charged him with tampering with his tether on March 6, 2014. Compl. at 1-2 (Dkt. 1). Plaintiff provided purported statements from his employer, roommate, and minister, who maintained that they were with Plaintiff at various times on March 6, 2014, and that Plaintiff did not tamper with his tether while he was with them. Nevertheless, taking the allegations in Plaintiff's civil rights complaint as true, Badalamenti insisted on conducting her own investigation. She and Avolio ultimately recommended that

1

Plaintiff's parole be revoked. Badalamenti refused to change the recommendation even though Plaintiff's parole officer, Brad Meinsner, said the problem was that Plaintiff's tether was too loose on March 6, 2014. Id. at 1-2. The Michigan Department of Corrections upheld the recommendation to revoke Plaintiff's parole, id. at 4, and, although Plaintiff was scheduled to be taken off his tether on June 5, 2014, he was sent to prison for over eight months due to the revocation of his parole status. Id. at 1, 4.

Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff was subsequently released on parole on January 7, 2015. See mdocweb.state.mi.us. However, he was still in custody when he filed this complaint, in which he seeks release from custody without a tether and $800,000 in money damages for false incarceration.

In a motion filed on March 16, 2015, Plaintiff states that, on or about February 4, 2015, he reported to the Parole Office and was then placed under arrest and shackled. After an hour or more, he was released, apparently after it was determined that he had been mistakenly arrested. Mot. at 3-4 (Dkt. 9). Due to that incident, and for other reasons, Plaintiff seeks to increase his initial request for damages to $1,230,000. Additionally, he wants Badalamenti removed as his parole supervisor and both Avolio and Badalamenti barred from being represented by attorneys for the State. He also wants the Defendants to respond to his complaint. Id. at 2-3.

Finally, in a motion filed on April 22, 2015, Plaintiff alleges that he made a perfect transition into society and was working for Michigan Fence Company on April 14, 2015, when he was arrested for an alleged parole violation and then sent to the Detroit Re-entry Center, which is a facility operated by the Michigan Department of Corrections. Plaintiff seeks release from state custody and to have Badalamenti and a Ms. Jackson removed as his supervisor and

parole agent.

## II. LEGAL STANDARD

The Court holds pro se complaints to less stringent standards than formal pleadings drafted by lawyers, and must liberally construe them. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Because Plaintiff styled his pleading as a civil rights complaint, the Court liberally construes the pleading as a complaint brought under 42 U.S.C. § 1983.

> Section 1983 . . . creates a private right of action to vindicate violations of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under the terms of the statute, "'[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (citing 42 U.S.C. § 1983).

Rehberg v. Paulk, 132 S. Ct. 1497, 1501-1502 (2012).

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, Sr., 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

#### A. Preiser, Heck, and Wilkinson

Plaintiff's challenge to his parole revocation, which led to his re-incarceration, and his current incarceration, which arose from allegations that he violated parole after his recent release on parole, would be more appropriate in a petition for the writ of habeas corpus, following exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 499 n.14, 500 (1973) (explaining that habeas corpus, with its attendant requirement of exhaustion of state remedies, is the proper remedy for an attack on the fact or length of physical imprisonment); Norwood v. Michigan Dep't of Corr., 67 F. App'x 286, 288 (6th Cir. 2003) (stating that habeas corpus is the proper avenue for challenging the revocation of parole for an incarcerated plaintiff). Cf. Wershe, Jr. v. Combs, 763 F.3d 500, 504 (6th Cir. 2014) (concluding that when a prisoner does not seek direct release from prison or a shorter sentence, but merely seeks a change in the procedures used to determine whether he was eligible for parole, the habeas exception does not bar the prisoner's §1983 claim). Even if the Court construed the complaint as a hybrid action (part habeas and part civil rights), Plaintiff would not be entitled to habeas relief because he has not alleged or demonstrated that he exhausted state remedies for his habeas claims, as required by 28 U.S.C.

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

#### A. Preiser, Heck, and Wilkinson

Plaintiff's challenge to his parole revocation, which led to his re-incarceration, and his current incarceration, which arose from allegations that he violated parole after his recent release on parole, would be more appropriate in a petition for the writ of habeas corpus, following exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 499 n.14, 500 (1973) (explaining that habeas corpus, with its attendant requirement of exhaustion of state remedies, is the proper remedy for an attack on the fact or length of physical imprisonment); Norwood v. Michigan Dep't of Corr., 67 F. App'x 286, 288 (6th Cir. 2003) (stating that habeas corpus is the proper avenue for challenging the revocation of parole for an incarcerated plaintiff). Cf. Wershe, Jr. v. Combs, 763 F.3d 500, 504 (6th Cir. 2014) (concluding that when a prisoner does not seek direct release from prison or a shorter sentence, but merely seeks a change in the procedures used to determine whether he was eligible for parole, the habeas exception does not bar the prisoner's §1983 claim). Even if the Court construed the complaint as a hybrid action (part habeas and part civil rights), Plaintiff would not be entitled to habeas relief because he has not alleged or demonstrated that he exhausted state remedies for his habeas claims, as required by 28 U.S.C.

§ 2254(b)(1).

Plaintiff's request for monetary compensation also fails. As explained in Heck v. Humphrey, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-487 (footnote omitted)(emphasis in original).[1] Heck and its related cases,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that the decisions to revoke his parole and re-incarcerate him were invalidated by state officials or called into question on appeal or by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of his re-incarceration. Therefore, he is barred from challenging the Defendants' parole-revocation decisions in this civil rights action. Miskowski v. Martin, 57 F. App'x 246, 248 (6th Cir. 2003); Nelson v. Gabriel, No. 12-661, 2012 WL 4740701, at *6 (W.D. Mich. Oct. 3, 2012) (plaintiff's claim that he had been falsely accused of violating the terms of his parole was barred by Heck).

---

[1] "Heck 'applies to proceedings that call into question the fact or duration of parole or probation.'" Noel v. Grzesiak, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)).

**B. Immunity**

The Defendants are subject to dismissal for an additional reason: immunity. To begin, the Eleventh Amendment bars suits against a state and its departments unless the state consented to being sued. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); accord Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (holding that, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court'") (quoting Welch v. Texas Dep't of Highways and Public Transportation, 483 U.S. 468, 480 (1987)); Mingus v. Butler, 591 F.3d 474, 481 (6th Cir. 2010) (stating that, "[i]n addition to the states themselves, Eleventh Amendment immunity can also extend to departments and agencies of states") (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." Thiokol Corp. v. Dep't of Treasury, State of Michigan Revenue Div., 987 F.2d 376, 381 (6th Cir. 1993) (internal and end citations omitted).

The Eleventh Amendment has no application "where a state has itself waived its immunity from federal suit" or "where Congress has abrogated the states' immunity." Id. But "[t]he state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson, Jr. v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," Thiokol, 987 F.2d at 383 (citing Quern v. Jordan, 440 U.S. 332 (1979)). Therefore, the Michigan Department of Corrections enjoys sovereign immunity from suit. See McCoy v. Michigan, 369 F. App'x 646, 653-654 (6th Cir. 2010); Johnson v. Brown, Jr., 863 F.2d 48 (Table), 1988 WL 122865, at *1

(6th Cir. Nov. 16, 1988).

Those who make recommendations concerning parole also enjoy immunity when exercising their decision-making powers, Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005), as do parole supervisors, Fleming v. Martin, 24 F. App'x 258, 259 (6th Cir. 2001). Plaintiff's complaint regarding Ms. Jackson and Defendants Avolio and Badalamenti relates to actions they took in connection with their official decision-making duties.  Thus, Ms. Jackson, whom Plaintiff is attempting to add to this action, and Defendants Avolio and Badalamenti are immune from suit. See Horton, 137 F. App'x at 775; Fredericks v. Moore, No. 07-11773, 2007 WL 1675036, at *1 (E.D. Mich. June 8, 2007) (dismissing claim against parole officer given immunity).  Further, Plaintiff's claim against MDOC, and his claim against Avolio, Badalamenti, and Jackson in their official capacities to the extent Plaintiff seeks monetary damages, lacks merit, because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Plaintiff's additional allegation that Ms. Jackson and Defendants Avolio and Badalamenti committed a felony under 18 U.S.C. § 242,[2] Compl. at 3, Mot. at 2 (Dkt. 10), fails to state a claim because section 242 is a criminal statute and does not provide a private cause of action. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Davis v. Warden Lewisburg USP, 594 F. App'x 60, 61 n.3 (3d Cir. 2015) (citing United States v. Philadelphia, 644 F.2d 187, 198–199 (3d Cir. 1980)).

---

[2] Section 242 reads, in relevant part:

> Whoever, under color of any law . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . . shall be fined under this title or imprisoned not more than one year, or both . . . .

7

Accordingly, the Court finds that the Defendants are immune from Plaintiff's claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court summarily dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and denies the motions filed on March 16, 2015 (Dkt. 9) and April 22, 2015 (Dkt. 10).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge, Jr. v. United States, 369 U.S. 438, 443-445 (1962).

The Court will enter a judgment contemporaneously with this decision.

SO ORDERED.


Dated:  June 9, 2015                             s/Mark A. Goldsmith
            Detroit, Michigan                       MARK A. GOLDSMITH
                                                                 United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2015.

                                                                s/Carrie Haddon
                                                                Case Manager